**PONDEROSA SYSTEM, INC. and ESI Meats, Inc., Appellants,**

v.

**Edward R. BRANDT and Sharon M. Brandt, Appellees.**

No. 83–1489.

United States Court of Appeals, Tenth Circuit.

July 3, 1985.

---

John C. Elam of Vorys, Sater, Seymour and Pease, Columbus, Ohio (Thomas B. Ridgley and C. William O'Neill of Vorys, Sater, Seymour and Pease, Columbus, Ohio, and Patrick J. Murphy of Williams, Porter, Day & Neville, P.C., Casper, Wyo., with him on the briefs), for appellants.

Hugh M. Duncan, Casper, Wyo. (Martin J. McClain, Cheyenne, Wyo., with him on the brief), for appellees.

Before McKAY and SETH, Circuit Judges, and WEINSHIENK, District Judge.*

McKAY, Circuit Judge.

This suit arises out of a franchisor/franchisee relationship between the plaintiffs and the defendants concerning the operation of a Ponderosa restaurant. After a short and unsuccessful episode as a Ponderosa franchisee, defendants were sued by Ponderosa, which claimed that the defendants had failed to meet certain contractual obligations such as payment for supplies and royalty payments. Defendants counterclaimed, alleging that Ponderosa's breach of contract, breach of implied warranties, breach of duty of good-faith dealing, and fraud had caused defendants' business to fail. All of the counterclaims were predicated on the allegation that the plaintiffs had shipped the defendants inferior quality, defective meat products for use in the restaurant. The case was tried to a jury, which returned a verdict in favor of the defendants on all counts of their counterclaim and on the plaintiffs' claims. Plaintiffs moved for judgments notwithstanding the verdict and for remittitur or new trial. The district court granted plaintiffs' request for judgment notwithstanding the verdict with respect to the fraud claim and ordered a remittitur that was accepted by the defendants.

On appeal plaintiffs raise several issues. However, the case is not nearly as complex as plaintiffs' brief would suggest. Basically, plaintiffs make two arguments. The first is that certain items of evidence should not have been admitted, and the second is a series of attacks on the sufficiency of the evidence in the record to support the jury's verdict. The outcome of this case depends upon the admissibility of the documents. The first set of documents about which plaintiffs complain consisted of complaints received by Ponderosa from various franchisees that various meat items were of poor quality, poor consistency, odorous, spoiled, and rodent-damaged. These complaints were admitted into evidence over plaintiffs' objections that they were hearsay, irrelevant, and inflammatory.

While the complaints are indisputably hearsay, defendants argue that they were admissible under Rule 803(6) as business records. Plaintiffs argue that these records could not be admitted as business records because "there is no evidence concerning the identity of the individuals who made these reports to Ponderosa." Defendants meet this objection by pointing out that Ponderosa stipulated "to the authenticity of each of the Ponderosa exhibits which the defendants may wish to put into evidence and will raise no objection at trial as to authenticity or foundation of these exhibits." Record, vol. 1, at 239. As we read Rule 901 concerning authenticity, it is apparent that the stipulation goes at least as far as agreeing that "the matter in question is what its proponent claims." Thus, under Ponderosa's stipulation, these complaints must be accepted as what they

* Honorable Zita L. Weinshienk, United States District Judge for the District of Colorado, sitting by designation.

purport to be—complaints received by plaintiffs from restaurants seeking credit on their bills for meat received that was damaged or unusable. Indeed, plaintiffs do not deny that this is the case. Such complaints generally are prepared by individuals who, at the time, are acting in the regular course of their business. Since plaintiffs stipulated to foundation, defendants were not required to introduce evidence either that the complaints were made in the ordinary course of business or that the persons recording the complaints had knowledge of the conditions they were reporting. Thus, while the reports were hearsay, they were nonetheless admissible hearsay.

■ Contrary to plaintiffs' allegations, the complaints were relevant to several issues in the lawsuit. Evidence of these complaints, which tended to show that the plaintiffs consistently sold meat products that were unacceptable to many of their customers, was probative on the issue of whether plaintiffs had breached their implied warranty of merchantability. The fact that several of their customers complained about the meat products and were required to return many of the meat products distributed by them is evidence that the plaintiffs' product would not "pass without objection in the trade under the contract description." Wyo.Stat.Ann. § 34–21–231 (Michie 1977).

In addition, these exhibits were relevant to the issue of bad faith. The judge instructed the jury that the plaintiffs had failed to deal in good faith only if they were guilty of a conscious breach of a known duty. These complaints tended to show that Ponderosa knew that it was failing in its duty to provide quality meats to its franchisees, and that therefore the Brandts were entitled to change meat suppliers.

Finally, these complaints were relevant in that they tended to rebut Ponderosa's assertion during the trial that the meat problems encountered by defendants were due to shoddy management of their restaurant rather than to defects in the meat itself.

Questions of relevance are committed to the sound discretion of the trial court. *Wilson v. St. Louis-San Francisco Railway Co.*, 673 F.2d 1152, 1155 (10th Cir. 1982). It is abundantly clear that the district court did not abuse its discretion in finding that these complaints were relevant and therefore admissible.

■ Plaintiffs' third objection to the admission of the complaints is that they were unfairly prejudicial. Again, the duty to balance the probative value of the evidence against its potential for unfair prejudice rests upon the trial court. *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir.1978). The trial court's decision will not be reversed absent an abuse of discretion. *United States v. Romero*, 692 F.2d 699, 705 (10th Cir.1982). In this case the district court found: "[I]n reviewing [these exhibits] I don't find them prejudicial or inflammatory." Plaintiffs have failed to convince this court that the district court's decision in this regard was a clear abuse of discretion. As we noted earlier, the exhibits were highly probative and, while they were prejudicial, they do not appear to have been unfairly prejudicial since they tended only to prove the type of neglect of duty that defendants' counterclaim alleged. The district court properly admitted the complaints.

■ Plaintiffs argue that the district court also erred in allowing the introduction of promotional literature that defendants had received from Ponderosa prior to entering into the contracts in question. This evidence was admitted for the purpose of aiding the jury in determining the contractual duties that Ponderosa had assumed. Plaintiffs assert that, because their contract contained an integration clause, introduction of this exhibit violated the parol evidence rule. We agree with defendants, however, that the contracts eventually entered into by the parties were ambiguous on their face. The contracts referred to a system of operation and meth-

od of doing business to which the franchisee would be entitled as a "licensed right." This system of operation and method of doing business to which the defendants were entitled was nowhere defined in the contract. Therefore, reference to extrinsic evidence was necessary to an understanding of the contract. The district court did not err in admitting the promotional literature that the defendants received from the plaintiffs.

Having concluded that the district court properly admitted the disputed exhibits, we turn now to plaintiffs' other contentions. Plaintiffs argue that there can be no implied warranty of merchantability in this case because Mr. Brandt inspected the ESI meat product at ESI's place of business prior to entering into the franchise agreement. Section 34–21–233(c)(ii) of the Wyoming Statutes Annoted provides that:

> When the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him.

This provision does not preclude recovery in this case, however. Under the provision, the warranty is obviated only with regard to defects that "an examination ought in the circumstances to have revealed to him." The Brandts' complaint included allegations that the meats shipped to them did not conform to the quality of the meat sampled, in that the meat was spoiled, rancid, and rodent-damaged. An inspection of the sample such as Mr. Brandt conducted could not reveal to him that meat shipped later would not conform to the sample. Thus, the inspection of the meat did not negate the implied warranty of merchantability with respect to the types of defects at issue in this case.

In any event, the jury was not instructed on this proposed defense and we can find nothing in the record to indicate that plaintiffs requested such an instruction. It is now too late to raise this defense for the first time.

Plaintiffs also argue that the defendants did not establish their breach of warranty claim and that the trial court therefore erred in failing to grant a judgment notwithstanding the verdict. As noted above, the disputed exhibits tended to establish that the plaintiffs were attempting to sell meat that was not of a merchantable quality. In addition, the defendants and several witnesses who had been customers in defendants' restaurant testified that the meat products were below the quality normally expected. Thus there was sufficient evidence from which the jury could conclude that the plaintiffs breached their implied warranty of merchantability in the sale of meat products to the defendants.

Plaintiffs' next argument is that the defendants failed to establish a breach of plaintiffs' covenant of good faith and fair dealing. Defendants' argument in this regard is that they had a right under the contract to change meat suppliers but that Ponderosa refused to allow such a change. In support of this contention defendants offered evidence that they asked one of plaintiffs' field consultants that they be allowed to serve a different product from a different supplier. After contacting Ponderosa officials, the field consultant told the defendants that they could not seek a different supply of meat for the time being. Later defendants were allowed to change suppliers of meat but were not allowed to use the type of meat which they had previously proposed. While this evidence is barely substantial on the issue of plaintiffs' bad faith in dealing with defendants, it is more than a scintilla and therefore is sufficient to support the jury's verdict. *See Weeks v. Latter-Day Saints Hospital*, 418 F.2d 1035, 1038 (10th Cir. 1969).

Plaintiffs' final argument is that there is insufficient evidence in the record to support the district court's remitted damage verdict. We have reviewed the

evidence and find no merit to plaintiffs' contentions. There was sufficient evidence to show that the damages defendants suffered were proximately caused by plaintiffs' actions, and there is sufficient evidence from which the district court determined the amount of its remitted judgment. The judgment of the district court is therefore affirmed.